IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL COMPLAINT |
| vs. | |
| | No.   2:20-CR-023 |
| DEVECCHO WALLER, JR., | |
| Defendant. | |

**MOTION TO RETURN MR. WALLER TO LOCAL JURISDICTION**

COMES NOW the Defendant in the above styled matter, MR. DEVECCHO WALLER, JR. (hereinafter referred to as "Mr. Waller"), by and through counsel and hereby files this Motion to Return to Local Jurisdiction at the Hall County Detention Center, and further shows this Court as follows:

1.

Mr. Waller and four other citizens were arrested on or about June 2, 2020. They were charged in connection with the burning of an empty City of Gainesville police car. They were booked into the Hall County Detention Center on state arson charges. The case was turned over to the Hall County District Attorney's Office for prosecution.

2.

However, Mr. Waller was then indicted on or about June 16, 2020 by a federal grand jury in the Gainesville Division of the United States District Court for the Northern District of Georgia. Undersigned counsel was appointed by this Court to represent Mr. Waller in federal court.

3.

By virtue of a federal writ of habeas corpus obtained by the Government, the U.S. Marshall took temporary custody of Mr. Waller and relocated him to the Robert A. Deyton (RAD) Detention Center, a private prison in Lovejoy, Georgia. Lovejoy is over 80 miles away from Gainesville, making a round trip over 160 miles and costing this Court more than $92.00 in costs – per visit. Additionally, because the round trip takes about 3 hours of travel time, this Court will pay about $456.00 to appointed counsel just for time spent in the car – again, per visit.

4.

At an arraignment hearing on June 23, 2020, the Government took the position that Mr. Waller was ineligible to request bond from this Court due to the fact that he was only present in federal court on a writ, and remained in the formal custody of Hall County. The Government further informed the Court that Mr. Waller had not been given a bond from Hall County. Consequently, Mr. Waller will receive no credit for any time served in federal custody on a writ.

5.

At this same time, the Hall County District Attorney has taken the position that Mr. Waller is ineligible to seek bond from the Hall County Superior Court because he is in the custody of federal authorities. A superior court bond hearing, which has been scheduled for July 8, 2020 at 1:00 p.m., is in danger of being cancelled because Mr. Waller is not present in Hall County, no production order has compelled the Marshall to return him to Hall County, and no waiver of presence has been filed so as to authorize the bond hearing to proceed *in absentia*.

6.

Upon information and belief, the Hall County District Attorney will not indict or prosecute this case now that the United States Attorney has obtained an indictment. It is merely a matter of awaiting a dismissal to be filed by the District Attorney. Only the District Attorney can file a dismissal. Without explanation, the District Attorney has refused to do so. Requests by state appointed indigent defense counsel for the District Attorney to dismiss the charges in light of the federal indictment have been ignored. Requests for setting of a recognizance bond by the federal defender to the superior court judge's office assigned to the case have likewise been ignored.

7.

The private prison known as RAD already had a number of limitations in place that constrain the attorney-client relationship.  In addition to the lengthy commute through the City of Atlanta's infamous traffic, contact with a client at RAD must be scheduled in advance and during normal business hours.  Only one person at RAD is authorized to schedule attorney visits.  Visits are limited to the number of available interview rooms, just 2 on each cell block.  Sometimes, RAD staffing limitations means that an attorney may sit for a period of time before being escorted to the cell block to begin client consultation.  Depending on the time of day, at the conclusion of a client meeting, counsel may sit in the consultation room awaiting an escort back to the lobby.  This time, while wasted for purposes of legal representation, is nevertheless charged to the Court.

8.

Now, owing to the covid-19 pandemic, no in-person visits are allowed at RAD.  Communication with clients is limited to ordinary telephone calls or Zoom calls.  However, Zoom calls with RAD require a "SIP connection," which is an "H.323 Room Connector" and costs $50.00 per month. Ordinary telephone calls are not private and the connection and sound quality are very poor – to the point of being unintelligible.

9.

The only meaningful communication Mr. Waller has had with counsel was just prior to his arraignment in a virtual Zoom break out room. Even then, another defendant and another attorney were present so privilege was not properly able to be established. Though sufficient to prepare Mr. Waller for the implications of an arraignment hearing, no opportunity was available to discuss the facts of the case, the identity of any defense witnesses, or any possible defenses.

10.

In sum, Mr. Waller has been held *incommunicado* and denied his Sixth Amendment right to counsel.

11.

If Mr. Waller were returned to this jurisdiction, where these charges are pending, Mr. Waller could have private contact with appointed counsel. The Hall County Detention Center allows counsel to have in-person, private, direct communications within the privilege of an attorney-client relationship. The Hall County Detention Center permits attorney visits 24 hours a day. No waiting. No escort. No recorded or unrecorded telephone apparatus.

12.

There is no reason why Mr. Waller should be detained by the Government at a location so remote from his counsel or the Court where the case is pending.

13.

Misunderstanding, confusion, deliberate ignorance, ruse, or excusable neglect on the part of the state prosecuting authority have combined to deny Mr. Waller a bond from the superior court. The Government has been the beneficiary of this frustrating circumstance insofar as they, too, have urged the Court to find that Mr. Waller is in state custody, and therefore the Court is without authority to set a bond.

14.

Because this Court cannot set Mr. Waller a bond at this time, and because Mr. Waller has been denied the ability to communicate with his state public defender or his CJA appointed counsel, the only just remedy is for this Court to order the U.S. Marshall to return Mr. Waller to the Hall County Detention Center until further order of this Court.

WHEREFORE Mr. Waller prays this Court grant the following relief:

1. Find that Mr. Waller is ineligible for bond from this Court because he is present only on a writ of habeas corpus and remains in the formal custody of Hall County authorities;

2. Find that Mr. Waller should not be prohibited from seeking bond in the superior court merely because of his presence by writ in federal custody;

3. Find that RAD is a remote detention facility with limited provisions for attorney-client communication which impacts the attorney-client relationship;

4. Find that the cost to the Court associated with having a Gainesville attorney defend a Gainesville Division case is approximately ***$548.00 per attorney-client visit higher*** due to the defendant's remote incarceration and denial of bond;

5. Find that there is no rational basis for which to detain Mr. Waller at a remote facility during the pendency of this case;

6. Order the U.S. Marshall to return Mr. Waller to the Hall County Detention Center until further order of this Court; or

7. In the alternative to immediately bring Mr. Waller to the United States Courthouse in Gainesville each and every time that his counsel desires to meet with Mr. Waller, place him in a private conference room, provide suitable food/beverage in accordance with standard feeding times for detainees, and allow him to remain for the duration of the meeting as determined by his counsel; and

8. For any and all other relief this Court deems just and proper.

This 8th day of July 2020.


    */s/ Arturo Corso*
Arturo Corso
Georgia State Bar No. 188748
Attorney for Mr. Waller

*The Corso Law Center, LLC*
427 GREEN STREET, N.W.
GAINESVILLE, GEORGIA 30501
Telephone: (770) 532-9732
Facsimile: (770) 532-9733

## Certificate of Service

This is to certify that I have this day served a true and correct copy of the foregoing upon counsel for the Government by filing same upon the Court's CM/ECF Docket and causing it to be distributed to all parties and counsel of record.

This 8th day of July.

    */s/ Arturo Corso*
Arturo Corso
Georgia State Bar No. 188748
Attorney at Law