IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \| | |
| | \| | CRIMINAL COMPLAINT |
| vs. | \| | |
| | \| | No.   2:20-CR-023 |
| DEVECCHO WALLER, JR., | \| | |
|     Defendant. | \| | |

**REPLY TO RESPONSE TO EMERGENCY MOTION
TO RETURN MR. WALLER TO LOCAL JURISDICTION**

COMES NOW the Defendant in the above styled matter, MR. DEVECCHO WALLER, JR. (hereinafter referred to as "Mr. Waller"), by and through counsel and hereby files this his Reply to Response to Emergency Motion to Return Mr. Waller to Local Jurisdiction, and further shows this Court as follows:

1.

Counsel for Mr. Waller, Jr. filed an Emergency Motion to Return to Local Jurisdiction [Doc 45] on July 8, 2020.

2.

In that motion, counsel raised the denial of Mr. Waller, Jr.'s Sixth Amendment right to counsel due to his remote detention; the inadequacy of visitation opportunities; the inadequacy of communication opportunities; the cost

to the Court CJA program from travel; and the obvious incongruity of being detained two hours away from the place where the Citizen-Accused is charged, where the offense allegedly occurred, where all the witnesses and crime scenes are located, and where his counsel's office is located – to wit: Gainesville, Georgia.

3.

The motion also raised the gross injustice of Mr. Waller, Jr. being denied bond in the federal courts because he is present only on a writ from Hall County, while simultaneously being denied a bond hearing in the Hall County Superior Court because the district attorney has represented to the superior court that Mr. Waller, Jr. is in the custody of the federal marshal's service.

4.

On July 9, 2020, this Court directed the Government to respond to the motion by minute order.

5.

On July 20, 2020, the Government filed its response [Doc 47]. However, the Government's response did not address any of the issues raised in Mr. Waller, Jr.'s motion to return to local jurisdiction. Instead, the Government referenced an attached exhibit in which Mr. Waller, Jr. was denied a bond on June 3, 2020 at his First Appearance in the Magistrate Court of Hall County. This occurred prior to federal indictment and prior to issuance of the writ of habeas corpus.

6.

In the state system, Georgia law requires that a detained person be brought before a neutral and detached magistrate for a First Appearance Hearing withinn 72 hours of an arrest without a warrant.  At the First Appearance Hearing, a Citizen-Accused shall be formally advised of the charges against him, whether he requests appointment of counsel, whether he is eligible to be released on bond pending trial, and whether he would like a preliminary hearing.  *See* O.C.G.A. 17-4-26, 17-4-62; *see also*, Georgia Uniform Rules of Magistrate Court, Rule 25.

7.

Mr. Waller, Jr. was not represented by any attorney at his First Appearance hearing in the Hall County Magistrate Court; rather, he was interviewed afterwards for the appointment of counsel by the Indigent Defense office.

8.

A handwritten note at the bottom of the Government's Response Exhibit shows that the magistrate relied upon a purported "prior felony conviction" from his Georgia Criminal Information Center (GCIC) report as the basis for denying bond.  There was NO "hearing" in the sense that Mr. Waller, Jr. was afforded no opportunity to address the traditional bond considerations of risk of flight, danger of committing additional felonies, risk of intimidation of witnesses, etc.

9.

Nothing about the magistrate's denial of bond at first appearance bars Mr. Waller, Jr. from seeking a bond in the superior court. Indeed, appointed counsel for Mr. Waller, Jr. filed a motion for bond and it was scheduled for July 8, 2020. The hearing did not take place because Mr. Waller, Jr. was detained in Lovejoy, Georgia and was not produced by the marshal back to Hall County, had no signed waiver of presence on file with the court, and the court was informed that he was in federal custody.

10.

On Thursday, July 16, 2020, undersigned traveled to RAD in person to visit with Mr. Waller, Jr. and attempt to inform him regarding his case. Counsel was placed in the "bonding room" by RAD staff. Counsel could communicate with Mr. Waller, Jr. only by telephone through a glass partition. Upon information and belief, the RAD facility recorded the communications between counsel and client in violation of the Sixth Amendment. This recording was not discovered until after a 3 hour visit during which time privileged conversations were illegally intercepted.

11.

Mr. Waller, Jr. remains incarcerated in RAD and there has been a gross violation of the attorney-client privileged relationship which has substantially

damaged this case, and the jurisdiction and process of this Court.

WHEREFORE Mr. Waller prays this Court grant the following relief:

1. Find that Mr. Waller is ineligible for bond from this Court because he is present only on a writ of habeas corpus and remains in the formal custody of Hall County authorities;

2. Find that Mr. Waller should not be prohibited from seeking bond in the superior court merely because of his presence by writ in federal custody;

3. Find that RAD is a remote detention facility with limited provisions for attorney-client communication which impacts the attorney-client relationship;

4. Find that the cost to the Court associated with having a Gainesville attorney defend a Gainesville Division case is approximately ***$548.00 per attorney-client visit higher*** due to the defendant's remote incarceration and denial of bond;

5. Find that there is no rational basis for which to detain Mr. Waller at a remote facility during the pendency of this case;

6. Order the U.S. Marshall to return Mr. Waller to the Hall County Detention Center until further order of this Court; or

7. In the alternative to immediately bring Mr. Waller to the United States Courthouse in Gainesville each and every time that his counsel desires to

meet with Mr. Waller, place him in a private conference room, provide suitable food/beverage in accordance with standard feeding times for detainees, and allow him to remain for the duration of the meeting as determined by his counsel; and

8. For any and all other relief this Court deems just and proper.

This 20th day of July 2020.

_____/s/ Arturo Corso_____
Arturo Corso
Georgia State Bar No. 188748
Attorney for Mr. Waller

## Certificate of Service

This is to certify that I have this day served a true and correct copy of the foregoing upon counsel for the Government by filing same upon the Court's CM/ECF Docket and causing it to be distributed to all parties and counsel of record.

This 20th day of July.

_____/s/ Arturo Corso_____
Arturo Corso
Georgia State Bar No. 188748
Attorney at Law