IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL COMPLAINT |
| vs. | No.   2:20-CR-023 |
| DEVECCHO WALLER, JR., | |
| Defendant. | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO SUPPLEMENTAL BRIEF IN SUPPORT OF EMERGENCY MOTION TO RETURN MR. WALLER TO LOCAL JURISDICTION**

COMES NOW the Defendant in the above styled matter, MR. DEVECCHO WALLER, JR. (hereinafter referred to as "Mr. Waller"), by and through counsel and hereby files this his Reply to Government's Response to Supplemental Brief in Support of Emergency Motion to Return to Local Jurisdiction at the Hall County Detention Center, and further shows this Court as follows:

ARGUMENT:

The Gov states that Mr. Waller has only asked this Court to dismiss the indictment. That is incorrect. Mr. Waller has only asked that the writ of *habeas corpus ad prosequendum* which took hold of his body be dissolved so that he may return to the state and address his pending cases (the new state charges and the probation revocation petition based on said new charges). In the alternative, he

has asked that the indictment be dismissed without prejudice.

It is important to note that Mr. Waller was given no substantive or procedural due process regarding the issuance of this writ as required under the Fourteenth Amendment to the U.S. Constitution.  He hereby lodges his official objection to the denial of said due process.  That is particularly significant insofar as the Government now argues that the writ serves to hold his body continuously without bond until the federal case is completely resolved.  In other words, the Government would provide no pre-issuance OR post-issuance review of the Court's granting of the Government's petition for the writ.

An order of the court which would confine an accused so absolutely must not be allowed to stand without advance notice and an opportunity to be heard because in the Government's view, the writ is not just an order to a state to produce a prisoner but also an order to hold an accused for an indeterminate period without the standard considerations under the Bail Reform Act.  It is irrelevant whether the actual Act applies here.  It matters only what effect befalls an innocent Citizen Accused.

It seems that the correct way to use such a writ is when a state prisoner has already reached finality of conviction in the state system and then and only then the Gov desires to commence a prosecution.  In such a procedural posture, an

accused in federal court would have no pending matter in the state system other than the service of a sentence.

Here, the Government has acted too quickly to interject itself into a state prosecution and obtain an indictment and commence a prosecution without first duly taking custody by arrest of the body of the Defendant.  To be concise, the Government has interjected prematurely.  While such premature interjection may have been unintentional, it has nevertheless had a grave consequence for Mr. Waller.  Because we know from statements in open court that the two prosecuting sovereigns are communication and possibly collaborating with each other, the Court may conclude that they are acting in concert to detain Mr. Waller without due process of law.

Further, the case cited by the Government (US vs. Rodriguez-Palacios) is from a Colorado district court where a magistrate reconsidered her order to release a defendant who appeared on a writ from a State of Colorado matter.  Therefore, it is not controlling authority.

To the extent that all parties agree a writ is a temporary loan of a state prisoner, nothing about the writ should be deemed permanent and inviolate.  If and when the state charges here are dismissed (and they have not been indicted), then the Court will have the authority to grant a bond to Mr. Waller, Jr.  Therefore, the

Government's position that a writ creates a permanent situation wherein it may not be dissolved until after federal trial or plea, is incorrect.

Therefore, the Court has several opportunities to dissolve a *writ ad prosequendum*: upon the granting of a bond in federal court; upon granting of any pretrial motions which may quash the indictment; upon the granting of any dismissal without prejudice; and upon the granting of a motion to dissolve the writ for any other lawful reason.

To accept the Government's position would be to say that this Court is POWERLESS to dissolve the writ unless and until the prosecution is concluded only by guilty plea, guilty verdict, and sentencing. That is clearly erroneous. The only thing that must be done is to return Mr. Waller to state custody upon dissolution of the writ.

## CONCLUSION

This Court can and should dissolve its *writ ad prosequendum*.

This 17th day of August 2020.

   */s/ Arturo Corso*
Arturo Corso
Georgia State Bar No. 188748
Attorney for Mr. Waller

Certificate of Service

This is to certify that I have this day served a true and correct copy of the foregoing upon counsel for the Government by filing same upon the Court's CM/ECF Docket and causing it to be distributed to all parties and counsel of record.

This 17th day of August 2020.

*/s/ Arturo Corso*
Arturo Corso
Georgia State Bar No. 188748
Attorney at Law