IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DELVECCHO WALLER JR. | Criminal Action No.<br><br>2:20-cr-023 |

**The United States' Response to the Court's Request
for the Government's Position as to a Detention Hearing**

The United States of America, by Byung J. Pak, United States Attorney, and Greg Radics, Assistant United States Attorney for the Northern District of Georgia, files this response to the Court's request for the government's position on whether this court can hold a detention hearing while the defendant is in temporary federal custody by virtue of a writ of habeas corpus ad prosequendum, and while he still remains in custody of the State of Georgia, and states as follows:

1. Defendant was arrested by the Gainesville Police Department on or about June 3, 2020 for the offenses of arson 2nd degree, arson 3rd degree, interference with government property; criminal trespass; terroristic threats and acts; and theft by taking. Thereafter, the Hall County Probation office issued a probation warrant for defendant's arrest.

2. A federal grand jury returned an indictment against defendant on June 16, 2020, charging him with conspiracy to damage government property through fire and explosives in violation of 18 U.S.C § 371 and damaging and

destroying a government vehicle by means of fire and explosives in violation of 18 U.S.C. § 844(i). [Doc. 1].

3. Because the defendant was in state custody pending his state prosecution at the time that the federal grand jury returned its indictment, this Court, on June 12, 2020, issued a Writ of Habeas Corpus Ad Prosequendum, directing the State court to send the defendant to temporary federal custody so that the defendant could answer the federal charges brought against him. That Order provides that the defendant be "detained before the Honorable J. Clay Fuller, United States Magistrate Court Judge of the United States District Court for the Northern District of Georgia….until discharged by the Court, then and there to be arraigned/tried on the indictment and receive and abide by judgment of this Court in the above-entitled case, thence to be returned to the custody from which he came, and have you this writ." [Doc. 18].

4. The Writ was executed, and the defendant entered into temporary custody of the U.S. Marshals and was arraigned on June 23, 2020. [Doc. 30].

5. On July 8, 2020, defense counsel filed a motion to return the defendant to local custody, and the government responded to that motion on July 20, 2020. [Doc. 45, 46]

6. This Court held a hearing on the defendant's motion on July 28, 2020, after which the Court ordered the parties to file additional briefs on the issue of whether it has authority to grant a bond hearing to the defendant. [Doc. 49] Both parties submitted briefs.

7. This Court then held a telephonic hearing on July 21, 2020 to hear arguments from both parties on the issues briefed. The Court ordered the government to file a supplemental brief addressing whether there is any authority preventing the Court from holding a bond hearing for defendant. [Doc. 60]. The Government's response is as follows:

## Argument

The Bail Reform Act, 18 U.S.C. § 3141(a), controls the processes under which detention hearings take place in federal court. It also defines when it is triggered. Specifically, the Bail Reform Act becomes provides that "[a] judicial officer authorized to order the arrest of a person under section 3041 of this title before whom an *arrested person* is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter. 18 U.S.C. § 3141(a) (emphasis added)," *See Rodriguez v. Palacios,* 2019 WL 4954642 at 2. Therefore, by its plain meaning, the Bail Reform Act only applies to an "arrested person." *Id.* A person appearing on a writ of habeas corpus ad prosequendum is not an "arrested person" under the Bail Reform Act and therefore the Bail Reform Act doesn't apply to a person in the position of the defendant. *Id.* at 4.

But whether a court can — or should — conduct a detention hearing when a defendant, who was in state custody, is brought into temporary federal custody on a writ (as opposed to a federal arrest warrant) is another question. And the case law that exists addressing this question goes both ways.

It appears that a small number of courts hold there is nothing that disqualifies a person being held on a federal writ from receiving a detention hearing. *See*

*United States v. Troedel,* 2012 WL 4792457 at 1. In this 2012 case, the court held that a defendant in federal custody on a writ was not prohibited from receiving a detention hearing, and in doing so, cited two other cases in which a detention hearing had been held in similar circumstances without "adverse comment." *Id. at* 2. The other two cases cited by the *Troedoel* court are *United States v. Forrest,* 402 F. 3d 678 (6th Cir. 2005) and *Headspeth v. Conley,* 126 F. Supp. 2d 1004 (S.D. W.Va. 2001). The government was only able to find these cases supporting a detention hearing for a defendant on a writ, which lends credence to the government's belief that a large majority of courts support the premise that a court should not conduct a detention hearing for a person present in federal custody on a writ of habeas corpus ad prosequendum.

It seems that what appears to be the majority view more faithfully complies with the plain language of 18 U.S.C. § 3141(a). That section provides: "[a] judicial officer authorized to order the arrest of a person under section 3041 of this title before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter." This Court should adopt that view and decline the defendant's request to hold a federal detention hearing unless and until either the writ is withdrawn, the defendant makes state court bond, or the defendant has his state charges dismissed.

Regardless, even if the Bail Reform Act allowed this Court to hold a detention hearing while the defendant is in federal court only on loan from state court, holding such a hearing would be a waste of this Court's resources. There is no

dispute that the defendant remains in Georgia custody given the state probation warrant against him. So even if this Court did hold a detention hearing, its decision on detention would be, in essence, moot — this is true because, whatever this Court's finding on federal bond, the defendant must remain in custody given his state probation warrant. In other words, a federal detention hearing would be premature and a waste of resources. Perhaps this is precisely why it appears that the majority of courts that have addressed the legal issue have held that federal courts should not hold detention hearings, and why, as a matter of practice, federal courts routinely refuse to hold federal detention hearings while a defendant is in temporary federal custody on a writ.

The government should also note that, even if this Court did hold a detention hearing, the defendant would not qualify for release. His criminal history shows that he is a danger to the community. The defendant has the following convictions:

- He pled nolo to disorderly conduct, criminal trespass, and obstruction on June 30, 2017;
- He was convicted of driving without a license on November 9, 2017;
- He was convicted of criminal trespass on November 29, 2018;
- He was convicted of entering an auto to commit a theft or felony (felony offense) on July 2, 2019;
- He was convicted of family violence battery on July 2, 2019; and
- He was pled nolo to driving without a license on February 12, 2020.

The government respectfully requests that the Court follow what appears to be a majority of the courts and withhold scheduling a detention hearing until the defendant either makes bond on all his state charges or has all his state charges dismissed.

                              Respectfully submitted,

                              BYUNG J. PAK
                                *United States Attorney*

                            /s/GREGORY E. RADICS
                                *Assistant United States Attorney*
                            Georgia Bar No. 591724
                            Gregory.Radics@usdoj.gov

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

        Arturo Corso, Attorney for Defendant

August 26, 2020

        /s/ GREGORY E. RADICS
        GREGORY E. RADICS
        *Assistant United States Attorney*