IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

UNITED STATES OF AMERICA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:20-CR-23 (SCJ)(JCF) |
| | ) | |
| JUDAH COLEMAN BAILEY. | ) | |
| _____ | ) | |

## **MOTION TO SUPPRESS STATEMENTS**

COMES NOW, the Defendant JUDAH COLEMAN BAILEY, by and through the undersigned attorney and moves this Court to hold a hearing to determine the admissibility of statements made by the Defendant which the government intends to introduce at trial.  Defendant further requests that all his statements be suppressed as the "fruit" of an illegal traffic stop, detention and arrest made in violation of the Fourth Amendment.  Additionally, said statements were not knowingly or voluntarily made and Mr. Mosley's Fifth and Sixth Amendment rights were violated.  In support of this motion Mr. Mosley shows as follows:

1.

Mr. Bailey is charged in Count 1 with a violation of 18 USC §371 (general conspiracy), alleging he did conspire with Jesse James Smallwood, Delveccho

Waller Jr., Bruce Thompson and Dashun Martin to commit an offense against the United States, by conspiring and agreeing to damage and destroy, by means of fire and explosive materials, a Gainesville, Georgia, Police Department patrol vehicle used in interstate and foreign commerce and in violation of Title 18 USC § 844(i). Count 2 charges Mr. Bailey and the same codefendants with a substantive violation of Title 18 USC §844(i) (arson), in that the Defendants did maliciously damage and destroy, and attempt to damage and destroy by means of fire and explosive materials a Gainesville, Georgia, Police Department patrol vehicle used in interstate and foreign commerce.  (Doc:1.)

2.

On or about June 2, 2020, state law enforcement officers including Gainesville Police officers [including Gainesville Officer Cazares, #89] conducted a traffic stop[1], detention and arrest of Mr. Bailey in Gainesville, Georgia, in the area of 1910 Jesse Jewell Pkwy, Gainesville, Georgia.  These officers and agents lacked a warrant to arrest or search Mr. Bailey.  Subsequent to his arrest on June 2, 2020, Mr. Bailey was questioned at least once by state officers, (on or about June 2, 2020) and once by federal law enforcement agents (on or about June 10, 2020,

_____

[1]The stopped vehicle was a 2003 Blue Ford, Crown Victoria, Tag # P1081978     VIN  2FAHP74W63X115977

2

by FBI TFO Benjamin Riley Green). While in the custody of state and federal law enforcement agents, Mr. Bailey made incriminating statements which the government will seek to introduce in the above-styled case.

3.

Prior to introducing any statement attributed to a defendant, the burden is on the Government to demonstrate that such a statement was made freely and voluntarily.  *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1969).  A criminal defendant is deprived of due process if his conviction rests in full or in part upon an involuntary confession.  See *Jackson, supra;  Martinez v. Estelle*, 612 F.2d 173, 176-77 (5th Cir. 1980); *United States v. Davidson*, 768 F.2d 1266,  (11th Cir. 1985).  The hearing mandated under *Jackson, supra* "must afford the defendant an opportunity to testify regarding the inculpatory statement out of the jury's presence without prejudice to his right not to take the stand in his defense." *Jarrell v. Balkcom*, 735 F.2d 1242, 1252-53 (11th Cir. 1984).  It should also be remembered that a court's finding that a confession is voluntary "must appear from the record with unmistakable clarity." *Sims v. Georgia*, 385 U.S. 538,544, 87 S.Ct. 639,643, 17 L.Ed.2d 593 (1967).

4.

Mr. Bailey was in custody and interrogated.  Given his young age and IQ,

3

combined with other factors,  Mr. Bailey did not knowingly or voluntarily waive his rights to remain silent and to have an attorney present during questioning.  *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  In analyzing the voluntariness of a confession, the Supreme Court has applied a totality of the circumstances standard.  *See Schneckloth v. Bustamonte*, 412 U.S. 218,226, 93 S.Ct. 2041,2047, 36 L.Ed.2d 854 (1973).

Regarding the June 10, 2020, interview by the FBI, Mr. Bailey had an attorney appointed to represent him on the arson charges, yet the FBI violated his Sixth Amendment rights by interviewing Mr. Bailey, about the same arson, without his counsel's consent or authorization.  *See Stokes v. Singletary*, 952 F.2d 1567 (11th Cir. 1992):

> "Once the right to counsel has attached and been asserted, the State must of course honor it," imposing upon the state "an affirmative obligation to respect and preserve the accused's choice to seek this assistance."  *Maine v. Moulton*, 474 U.S. 159, 170-71, 106 S. Ct. 477, 484, 88 L. Ed. 2d 481 (1985).
>
> "The Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between the accused and a state agent." 474 U.S. at 176, 106 S. Ct. at 487 ; see *Estelle v. Smith*, 451 U.S. 454, 471, 101 S. Ct. 1866, 1877, 68 L. Ed. 2d 359 (1981) [**35] (Following initial proceedings, the habeas corpus petitioner was denied his Sixth Amendment right to counsel, when defense counsel "were not notified in advance that the [court-ordered competency] psychiatric examination would encompass the issue of their client's future dangerousness, and respondent was denied the assistance of his attorneys in making the significant decision of whether to submit to the examination and to

4

what end the psychiatrist's findings could be employed."
(footnote omitted)).

While an individual may waive the Sixth Amendment right to
counsel, "federal courts should refrain from casually finding waiver
of vital federal constitutional guarantees, such as the right to
counsel…." *United States v. Garcia*, 517 F.2d 272, 277 (5th
Cir.1975). The Supreme Court has explained "**that the right to
counsel does not depend upon a request by the defendant, and
that courts indulge in every reasonable presumption against
waiver**." *Brewe*r, 430 U.S. at 404, 97 S. Ct. at 1242 (citations
omitted)(emphasis added.)

*Stokes v. Singletary*, 952 F.2d at 1576-77.

5.

Furthermore, Mr. Bailey moves to exclude his statements and as "fruit" of

an illegal traffic stop, detention and arrest which were made without reasonable

suspicion or probable cause.  Under the doctrine of the fruit of the poisonous tree,

if the initial detention was illegal, then statements obtained subsequent and in

relation to the illegal detention and arrest should be suppressed.  Furthermore, the

"fruit" of any illegally obtained statements, should also be suppressed.  See *New

York v. Harris*, 110 S.Ct. 1640, 1643, 109 L.Ed. 2d 13 (1990); *Brown v. Illinois*,

422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); and *Wong Sun v. United

States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).


WHEREFORE, the Defendant requests that this Honorable Court hold an

evidentiary hearing to determine the admissibility of his statements under the

Fourth Amendment, and also to determine whether he knowingly and voluntarily

waived his Fifth Amendment privilege against self incrimination and his Sixth

Amendment right to have counsel present during custodial interrogations.  See

*United States v. Henry*, 604 F.2d 908 (5th Cir. 1979); *Oregon v. Mathiason*, 429

U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); *United States v. Roark,* 753 F.2d

991, 993 (11th Cir. 1985).  Mr. Bailey asks that he be allowed to brief this matter

further, following the evidentiary hearing; and that the Court ultimately issue an

order suppressing all illegally or unconstitutionally-obtained statements and any

reference thereto from his trial.

Dated:  This 5th day of October, 2020.


Respectfully submitted,

**s/ *L. Burton Finlayson***
L. BURTON FINLAYSON
Attorney For JUDAH COLEMAN BAILEY
Georgia Bar Number: 261460

LAW OFFICE OF
L. BURTON FINLAYSON, LLC
931 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-0560
lbfcourts@aol.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically served the foregoing

Motion to Suppress Statements by filing said via the CM / ECF System which will

deliver an electronic copy to all parties of record, including the following:

> Mr. Gregory Radics
> Assistant United States Attorney
> 600 Richard B. Russell Building
> 75 Spring Street, S. W.
> Atlanta, Georgia  30303

DATED:  This 5th day of October, 2020.

> **s/ _L. Burton Finlayson_**

> L. BURTON FINLAYSON
> ATTORNEY FOR JUDAH COLEMAN BAILEY
> State Bar Number: 261460