IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Case No. 2:20-CR-23 (SCJ)(JCF) |
| | ) | |
| JUDAH COLEMAN BAILEY. | ) | |
| | ) | |

**MOTION TO SUPPRESS EVIDENCE**
**[re: Warrantless Traffic Stop]**

COMES NOW, the Defendant JUDAH COLEMAN BAILEY, by and through the undersigned attorney and moves this Court to hold a hearing to determine the admissibility evidence seized from the Defendant which the government intends to introduce at trial. Defendant requests that all such evidence be suppressed as the "fruit" of an illegal traffic stop, detention and arrest made in violation of the Fourth Amendment. In support of this motion Mr. Bailey shows as follows:

1.

Mr. Bailey is charged in Count 1 with a violation of 18 USC §371 (general conspiracy), alleging he did conspire with Jesse James Smallwood, Delveccho Waller Jr., Bruce Thompson and Dashun Martin to commit an offense against the

United States, by conspiring and agreeing to damage and destroy, by means of fire and explosive materials, a Gainesville, Georgia, Police Department patrol vehicle used in interstate and foreign commerce and in violation of Title 18 USC § 844(i). Count 2 charges Mr. Bailey and the same codefendants with a substantive violation of Title 18 USC §844(i) (arson), in that the Defendants did maliciously damage and destroy, and attempt to damage and destroy by means of fire and explosive materials a Gainesville, Georgia, Police Department patrol vehicle used in interstate and foreign commerce.  (Doc:1.)

2.

On or about June 2, 2020, state law enforcement officers including Gainesville Police officer Cazares, [#89] conducted a traffic stop[1], detention and arrest of Mr. Bailey in Gainesville, Georgia, in the area of 1910 Jesse Jewell Pkwy, Gainesville, Georgia.  These officers lacked a warrant to arrest or search Mr. Bailey or the 2003 Crown Victoria in which he was riding.  Subsequent to the traffic stop and detention, Gainesvile officers searched Mr. Bailey and the area within his wingspan and control and seized items in which Mr. Bailey had property and privacy rights including: his cell phone and flare-gun.

---

[1]The stopped vehicle was a 2003 Blue Ford, Crown Victoria,
Tag # P1081978     VIN  2FAHP74W63X115977

3.

It is well settled that seizures and "searches undertaken without a warrant issued upon probable cause are '*per se* unreasonable ... subject only to a few specifically established and well-delineated exceptions.'" *United States v. Alexander*, 835 F.2d 1406, 1408 (11th Cir. 1988)(quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).  In the instant case, even before the Court gets to the constitutionality of the searches, the Government must establish that the initial stop of the vehicle and detention were lawful.  In order for the initial stop to be constitutionally firm, there must have been at least a reasonable suspicion of criminal conduct. *United States v. Harris,* 928 F.2d 1113, 1116 (11th Cir. 1991).

4.

The traffic stop, detention and arrest conducted by Gainesville officers, and the subsequent search and seizure of Mr. Bailey and his belongings, violated the Fourth Amendment.  U.S. CONST. Amend. IV.  The Fourth Amendment requires at least a minimal level of objective justification for making a stop.  The officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity.  *Illinois v. Wardlaw*, 528 U.S. 119, 123-24 (2004) (citations omitted).  Here the officer lacked sufficient facts to justify the stop of this particular car.  He also lacked a lawful basis to seize Mr. Bailey, and

subsequently, to search him and his belongings. All evidence arising from this Fourth Amendment violation, including, but not limited to, Mr. Bailey's statements and the evidence seized from his person, and the area within his wingspan in the vehicle, and evidence derived subsequently, must be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471 (1963).

5.

Even if the initial stop were justified, the Government must also establish that the resulting searches were constitutional, *i.e.,* subject to one of the limited exceptions to the warrant requirement. There is no evidence to establish there were circumstances in existence which would have brought the searches and seizures conducted in this case within one of those "specifically established and well-delineated exceptions." *United States v. Alexander*, 835 F.2d 1406, 1408 (11th Cir. 1988)(quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). See also *Arizona v. Gant*, 129 S.Ct. 1710 (2009).

WHEREFORE, Mr. Bailey respectfully requests that the Court issue an order granting him an **evidentiary hearing** at which the Government should be required to show cause why the relief sought by the Defendant should not be granted; that Mr. Bailey be allowed to brief this matter further following the evidentiary

hearing; and that the Court ultimately issue an order suppressing all illegally or unconstitutionally-seized or obtained evidence and any reference thereto from Mr. Bailey's trial.

Dated: This 5th day of October, 2020.

Respectfully submitted,

**s/ *L. Burton Finlayson***
L. BURTON FINLAYSON
Attorney For JUDAH COLEMAN BAILEY
Georgia Bar Number: 261460

LAW OFFICE OF
L. BURTON FINLAYSON, LLC
931 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-0560
lbfcourts@aol.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically served the foregoing Motion to Suppress Evidence by filing said via the CM / ECF System which will deliver an electronic copy to all parties of record, including the following:

>Mr. Gregory Radics
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia  30303

DATED:  This 5th day of October, 2020.

>**_s/ L. Burton Finlayson_**

>L. BURTON FINLAYSON
>ATTORNEY FOR JUDAH COLEMAN BAILEY
>State Bar Number: 261460